1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH J. ADAMS

          Petitioner,

   vs.

RON BARNES,[1] Warden,

          Respondent.

2:08-cv-01381 (JKS)

MEMORANDUM DECISION

      Petitioner Kenneth Adams, a state prisoner appearing *pro se*, has filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Adams is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California Correctional Center in Susanville, California. Respondent has filed an answer, and Adams has filed a traverse.

## I. STATEMENT OF RELEVANT FACTS

      The following factual basis was recited by the prosecutor:

"[O]n or about July 24th of 2004, at 118 Goodale Court in Manteca, California, San Joaquin County, the defendant, Kenneth Adams, did take a 15-inch sword and use that to stab Kathleen Thompkins, causing an injury which was a puncture to the lung, a slight puncture to the liver, she has a through-and-through wound in her arm. The injuries did require surgery at the hospital, San Joaquin County General. She was in the hospital for twelve days before being released.[2]

---

[1] Ron Barnes, Warden, California Correctional Center, Susanville, is substituted for Kathy Prosper, Warden, California Correctional Center, Susanville. Fed. R. Civ. P. 25(d).

[2] Reporter's Transcript, pg. 5.

1
II. PROCEDURAL BACKGROUND/ PRIOR PROCEEDINGS

2      On July 27, 2004, Adams was charged with: attempted willful and premeditated murder

3   (count 1; Cal. Penal Code §§ 664/187); felony assault (count 2; California Penal Code § 245(a)(1));

4   and corporal injury to spouse/cohabitant (count 3; California Penal Code § 273.5(a)).  It was also

5   alleged that Adams had served a prison term for first degree burglary, which qualified both as a

6   prior strike under Calfornia's "Three Strikes Law" and a five-year enhancement. (California Penal

7   Code §§ 667(a), 667.5(b), 1170.12(b).)  It was further alleged Adams personally inflicted great

8   bodily injury in commission of the offenses (California Penal Code § 12022.7(e)) and that he

9   personally used a deadly and dangerous weapon (California Penal Code § 12022(b)(1)).

10      Adams subsequently entered into a plea agreement whereby he would plead guilty to Count

11   Two (California Penal Code § 245(a)(1)) and admit certain aggravating factors in exchange for the

12   dismissal of the other charges.  Adams was sentenced to sixteen years in prison.

13      On direct appeal Adams challenged the imposition of the victim restitution payment.  The

14   Court of Appeal of the State of California, Third Appellate District, affirmed the judgment and

15   sentence.[3]  The California Supreme Court denied review in August 2007.

16      Adams filed a petition for a writ of habeas corpus with the state courts, and his petition was

17   denied by the California Supreme Court in April 2008.

18      On July 16, 2008, Adams timely filed a petition for a writ of habeas corpus in this Court.

19
III. STANDARD OF REVIEW

20      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §

21   2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

22   involved an unreasonable application of, clearly established Federal law, as determined by the

23   Supreme Court of the United States" at the time the state court renders its decision or "was based on

24   an unreasonable determination of the facts in light of the evidence presented in the State court

25   proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in §

26   _____

27      [3] Opinion, pg. 1.

28      [4] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer*

2

2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[6]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[7]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[8]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[9]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[10]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or

---

*v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[10] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

3

influence in determining the outcome.[11]  Because state court judgments of conviction and sentence

carry a presumption of finality and legality, the petitioner has the burden of showing by a

preponderance of the evidence that he or she merits habeas relief.[12]

In applying this standard, this Court reviews the last reasoned decision by the state court,[13]

which in this case was that of the California Court of Appeal.  Under AEDPA, the state court's

findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and

convincing evidence.[14]  This presumption applies to state trial courts and appellate courts alike.[15]

When there is no reasoned state-court decision denying an issue presented to the state court

and raised in a federal habeas petition, this Court must assume that the state court decided all the

issues presented to it and perform an independent review of the record to ascertain whether the

state-court decision was objectively unreasonable.[16]  The scope of this review is for clear error of

the state-court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state
> court's decision, we can view it through the "objectively reasonable" lens ground by
> *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not
> supply reasoning for its decision, but an independent review of the record is required
> to determine whether the state court clearly erred in its application of controlling

---

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[13] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[15] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[16] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

4

federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[17]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[18]

## IV.  DISCUSSION

In his petition to this Court, Adams appears to raise five grounds for relief.  However, Adams does not clearly order his claims for relief; Adams attached an introductory memorandum to his petition along with a supplemental brief.  In his introductory memorandum, Adams mentions that the trial court's denial of his Marsden Motion[19] violated his state and federal due process rights, however he does not address this issue in his brief.  The first three grounds raised in Adams' supplemental brief all address the same substantive issue: Adams was improperly sentenced to an upper term of four years in violation of Supreme Court precedent and the constitution.[20]  For the purpose of clarity, and because the same law applies to this Court's analysis of Adams' challenge to his upper term sentence, this Court will address these claims as a single ground for relief.  Adams' supplemental brief also contains an allegation that he received ineffective assistance of counsel.  Respondent does not assert that Adams' grounds are procedurally barred, but does contend that Adams' denial of substitute counsel claim is unexhausted.

---

[17] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[18] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[19]  A shorthand reference to *People v. Marsden*, 2 Cal.3d 118 (Cal. 1970), a case holding a criminal defendant moving to substitute court appointed counsel should be permitted to state specific reasons for his or her request.

[20]  Under California Penal Code California Penal Code § 245(a)(1) an offender may be sentenced to two, three or four years.  As will be discussed *infra*, the upperterm of four years may be applied only upon a jury finding of one or more aggravating factors.

1

1.  Adams' *Marsden* Motion

2      In his introductory brief to this court, Adams claims that the trial court's denial of his

3  *Marsden* motion violated his state and federal constitutional rights.  Respondent asserts that this

4  matter has not been properly exhausted in the state courts.

5      This Court may not consider claims that have not been fairly presented to the state courts.[21]

6  Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state

7  courts in order to give the state the opportunity to pass upon and correct alleged violations of its

8  prisoners' federal rights.[22]  A petitioner fairly presents a claim to the state court for purposes of

9  satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through

10  the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[23]  A

11  petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly

12  present the legal basis of the claim.[24]  In the Ninth Circuit, a petitioner must make the federal basis

13  of the claim explicit either by referencing specific provisions of the federal Constitution or statutes,

14  or citing to federal case law.[25]

15      Under California law, contentions that could have been raised during direct appeal, but were

16  not, generally cannot be renewed in a petition for habeas corpus.[26]  Because Adams raised this claim

17  for the first time in his state habeas petition, he was presenting the claim for the "first and only time

18

19

20

21

───────────

22      [21] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

23      [22] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

24      [23] *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir. 1999).

25      [24] *Duncan,* 513 U.S. at 365-66.

26      [25] *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir. 2000), *amended by Lyons v. Crawford*, 247
27  F.3d 904 (9th Cir. 2001).

28      [26] *In re Terry,* 484 P.2d 1375, 1387 (Cal. 1971).

in a procedural context in which its merits [would] not be considered."[27]  Adams has failed to properly present this claim to the state courts, and therefore his claim is unexhausted.[28]

Notwithstanding the lack of exhaustion of state court remedies this Court may deny the petition on the merits.[29]  To the extent that Adams raises issues of the proper application of state law to his *Marsden* hearing, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[30]  A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[31]  This principle applied to federal habeas review of state convictions long before AEDPA.[32]  A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the

---

[27] *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

[28] *See id.*

[29] 28 U.S.C. § 2254(b)(2).

[30] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[31] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[32] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

law.[33]  It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[34]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[35]  Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[36]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[37]  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[38]  Adams has not provided relevant Supreme Court authority or factual support for this claim.  Indeed, he merely raises this claim in a single sentence as part of his introductory brief.

This Court is aware that in some cases a state court's mishandling of a *Marsden* motion could implicate a defendant's right to due process.  The Supreme Court has held that a defendant is entitled to representation that is free from conflicts by an attorney who functions in the active role of the advocate.[39]  However, the Supreme Court has also held that there is no Sixth Amendment

---

[33] *See Bradshaw*, 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[34] *Id.* at 76.

[35] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[36] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[37] *Jeffers*, 497 U.S. at 780 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[38] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[39] *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980); *Entsminger v. Iowa*, 386 U.S. 748, 751 (1967); *see also United States v. Cronic,* 466 U.S. 648, 656 (1984).

right to "a 'meaningful relationship' between an accused and his counsel."[40]  Thus, in order to show

a violation of due process, a defendant must demonstrate either an actual conflict of interest or that

his or her relationship with his or her attorney has been completely eroded by an irreconcilable

conflict, such that counsel's assistance is ineffective.[41]  This inquiry is even narrower in a §2254

habeas review.[42]  As noted above, Adams has not alleged any facts or law in support of this claim,

let alone any that would allow this Court to make such a finding, nor does an independent review of

the record reveal any.[43]

---

[40]  *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).

[41]  *Cuyler*, 446 U.S. at 350; *Hudson v. Rushen*, 686 F.2d 826, 829 (9th Cir. 1982) ("to compel one charged with grievous crime to undergo a trial with the assistance of an attorney with whom he has become embroiled prior to trial in irreconcilable conflict is to deprive him of the effective assistance of any counsel whatsoever."); *Daniels v. Woodford*, 428 F.3d 1181 (9th Cir. 2005) (Because the petition was filed on October 22, 1992, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standards of review did not apply.  Accordingly, it is distinguished. Nevertheless, this case still supports the principle that a conflict between a defendant and an attorney *could* deprive the defendant of representation guaranteed by the Sixth Amendment.).

[42]  *Schell v. Witek*, 218 F.3d 1017, 1024-25 (9th Cir. 2000) (en banc).  The court in *Schell* abandoned the three-prong test it had been using to examine the constitutionality of a state court's handling of a motion to substitute appointed counsel based on allegations of an irreconcilable conflict.  The court held that, in the context of a habeas review, it was not reviewing the judgment. Rather, its only concern when reviewing the constitutionality of a state-court conviction is whether the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.

[43]  The petition must specify all the grounds for relief available to the petitioner and the facts supporting each ground.  Rules—Section 2254 Cases, Rule 2(c).  In his petition, Adams raises this ground in a single sentence and does not provide any supporting law or facts.  Thus, Adams' claim on this ground is also insufficient under the rules governing section 2254 cases.

Moreover, under Ninth Circuit precedent, a judge has "a duty to inquire into the problems with counsel when they [are] first raised."[44]  In this case, the record indicates that the trial judge fulfilled this duty during the Marsden hearing.[45]  Adams is not entitled to relief on this ground.

   2.  The Trial Court Improperly Sentenced Adams under the California Sentencing Scheme

Adams claims that the trial court improperly sentenced him to the upper term of four years based on facts that were not found to be true by a jury.

Under the line of United States Supreme Court decisions beginning with *Apprendi v. New Jersey*[46] and culminating in *Cunningham v. California,*[47] the constitutional requirement of a jury trial and proof beyond a reasonable doubt applies only to a fact that is legally essential to the punishment, that is, to any fact that exposes a defendant to a greater potential sentence than is only authorized by the jury's verdict or an admission by the defendant himself or herself.

Under California's Determinate Sentencing Law ("DSL"), "three terms of imprisonment are specified for most offenses."[48]  The statute defining the offense generally prescribes an upper term, a middle term and a lower term.[49]  At the time of Adams' offense, California Penal Code Section 1170(b) required a sentencing court to impose the middle term "unless there [were] circumstances in aggravation or mitigation of the crime."  In *Cunningham*, the Supreme Court held that the

---

[44]  *Plumlee v. Masto,* 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc);  *Schell*, 218 F.3d at 1025-26.

[45]  Respondent alleges that the record implies that Adams withdrew his *Marsden* Motion. Clerks Transcript, pg. 97.  Because the record is not clear on this matter, this Court will assume that the trial court ruled on the merits of the motion.

[46]  530 U.S. 466 (2000).

[47]  549 U.S. 270 (2007).

[48]  *People v. Black*, 113 P.3d 534, 538 (Cal. 2005), *vacated on other grounds*, *People v. Black (Black II)*, 161 P.3d 1130, 1141 (Cal. 2007).

[49]  *Cunningham*, 549 U.S. at 277.

presumptive middle term, not the upper term, was the "relevant statutory maximum" that could be

imposed, absent additional findings of fact by the jury.[50]  Therefore, after *Cunningham*, a California

judge could only impose an upper term sentence based on aggravating facts found by the jury or

admitted by the defendant.[51]  Applying this logic, Adams argues his upper term sentence was not

appropriate because he was sentenced to the upper term based on facts not found by a jury.  Adams'

argument is without merit.

The record is clear that Adams admitted to having been previously convicted of  first degree

residential burglary, which qualified as a prior serious felony under California's "Three Strikes

Law."  The following is an excerpt from the plea colloquy:

> The Court:     Okay.  I will allow the defendant to withdraw his previously- entered plea of not guilty.
>             Mr. Adams, what is your plea to Count 2 that on July 24th, 2004, you committed a felony violation of Penal Code Section 245(a)(1), assault by means of force likely to cause great bodily injury?
> The Defendant:          Guilty.
> The Court:     And do you admit that you have a prior strike felony under Penal Code Section 1170.12(b)/667 from January 28th, 2002, County of San Joaquin, for first degree residential burglary, do you admit that prior.
> The Defendant:          Yes.
> The Court:     And, finally do you admit pursuant to Penal Code Section 12022.7(a) that you personally inflicted great bodily injury upon Kathleen Tompkins, so you admit that?
> The Defendant:          Yes.[52]

Under *Cunningham*, because Adams admitted to having been previously convicted of a

crime, he was not entitled to a jury finding on the same fact.[53] A criminal defendant's previous

criminal history is an aggravating factor sufficient to allow the application of the upper term

sentence.[54]  Thus, the fact that Adams admitted to his prior conviction is sufficient to support the

[50] *Id.* at 288.

[51] *Id.* at 293.

[52] Reporter's Transcript, pg. 6.

[53] *Cunningham*, 549 U.S. at 293.

[54] *Boulware v. Marshall*,  621 F.Supp.2d 882, 892 (C.D.Cal. 2008).

application of the upper-term sentence of four years, in the absence of a jury finding on the same issue.[55]

Notwithstanding Adams' admission to his previous conviction, the law is clear that the imposition of an upper-term sentence based upon a prior conviction is a well established exception to *Apprendi* and its progeny.[56]  Specifically, a defendant's criminal history need not be admitted to by the defendant or proved to a jury beyond a reasonable doubt.[57]  Thus, even if Adams did not admit to his previous conviction, the trial judge could have made the finding on her own and imposed the upper term accordingly.  Adams is not entitled to relief on his second ground.

### 3.  Adams Received Ineffective Assistance of Counsel

Adams claims that his trial counsel was ineffective because he did not advise Adams that Adams was entitled to a jury finding of any aggravating facts which would lead to an enhanced sentence under California Penal Code 245(a)(1).

To demonstrate ineffective assistance of counsel, Adams must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[58]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[59]  Adams must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have

---

[55]  This Court notes the application of the upper term is also supported by Adams' admission that he did inflict great bodily injury on his victim.  This Court need not address whether Adams' plea agreement, which included the application of the upper-term sentence, standing alone, was sufficient to warrant the application of the upper term.

[56]  *Butler v. Curry,* 528 F.3d 624, 641-42 (9th Cir. 2008).

[57]  *United States v. Martin*, 278 F.3d 988, 1005-06 (9th Cir. 2002) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 249 (1998); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000).

[58]  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[59]  *Id.*

been different.[60]  An analysis that focuses "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[61]

Inquiry focuses on the adversarial process, not petitioner's relationship with counsel.  As long as counsel is a reasonably effective advocate, he meets constitutional standards, irrespective of petitioner's evaluation of his performance. Thus, no weight is attached to the petitioner's expression of satisfaction with counsel's performance at the time of trial, or to his later expression of dissatisfaction.[62]

While judicial inquiry into counsel's performance under *Strickland* must be highly deferential, it is "by no means insurmountable," but nonetheless remains "highly demanding."[63] "Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial."[64]

Adams' claim fails under both prongs of *Strickland*; he has not shown either that his counsel's performance was deficient or that he was prejudiced in any way.  Despite his assertions to the contrary, Adams is not entitled to a jury finding on *all* facts which may expose him to the upper-term sentence under California's sentencing scheme.  As noted above, the imposition of an

---

[60] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002);  *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[61] *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmel v. Morrison*., 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Cronic*, 466 U.S. at 658 ("the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.  Absent some effect of challenged conduct on the reliability of the trial process, the Sixth-Amendment guarantee is generally not implicated.").

[62] *Cronic*, 466 U.S. at 657 n.21.

[63] *Morrison*, 477 U.S. at 382.

[64] *Id.*

13

1 upper-term sentence based upon a prior conviction is a well established exception to *Apprendi* and

2 its progeny.[65]  Had Adams gone to trial on the aggravating facts,[66] the judge herself would have

3 been

4                     entitled to make a finding concerning Adams' previous felony conviction

5 prior to sentencing.  Adams would not have been entitled to a jury finding on this fact, and thus his

6 counsel was not ineffective for failing to advise him of a non-existent right.

7         Similarly, Adams is unable to demonstrate prejudice.  Although a jury could have made

8 findings of fact concerning the existence of other aggravating factors, the judge herself could have

9 found that Adams had a prior conviction.[67]  Under California law the existence of a single

10 aggravating circumstance is legally sufficient to make the defendant eligible for the upper term.[68]

11 Thus, Adams has failed to show that his counsel's performance prejudiced him in any way.

12                              V.  CONCLUSION AND ORDER

13         Adams is not entitled to relief under any ground raised in the Petition.  Accordingly,

14         **IT IS HEREBY ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of

15 Habeas Corpus is **DENIED**.

16         **IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

17 Appealability.[69]  Any further request for a Certificate of Appealability must be addressed to the

18

19

20     [65]  *Boulware*, 621 F.Supp.2d at 892.

21     [66]  It is not clear to this Court that the prosecutor would have still offered Adams a plea
22 agreement had he chosen to litigate the "aggravating factors."  However, for the sake of this
   discussion, this Court will assume that Adams could have accepted the plea agreement *and* chosen
23 to go to trial solely on the issue of the aggravating factors.

24     [67]  *Boulware*, 621 F.Supp.2d at 892.

25     [68]  *Id.* at 893 (citations omitted).

26     [69]  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists
27 could debate whether (or, for that matter, agree that) the petition should have been resolved in a
   different manner or that the issues presented were adequate to deserve encouragement to proceed
28 further") (internal quotation marks omitted).

                                        14

1  Court of Appeals.[70]

2          The Clerk of the Court to enter judgment accordingly.

3          Dated: August 6, 2010.

4
                                                    /s/ James K. Singleton, Jr.
5                                                **JAMES K. SINGLETON, JR.**
                                                  United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
   _____

28     [70]  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.